UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:06-CR-767 CAS |
| ) | |
| JERMAINE DAY, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This closed criminal matter is before the Court on defendant's Motion to Modify or Reduce an Imposed Sentence and Motion to Reduce Restitution Payment. The government opposes the motions. Defendant did not file any reply in support of his motions and the time to do so has passed. The motions will be denied for the following reasons.

**Background**

On March 29, 2007, pursuant to a plea agreement, defendant pleaded guilty to one count of bank fraud and two counts of conspiracy to commit bank fraud. Nine other counts against defendant were dismissed on motion of the United States. On June 19, 2007, defendant was sentenced to sixty-four months incarceration and three years supervised release, and ordered to pay $70,344.14 in restitution.

**Discussion**

A. <u>Motion to Modify or Reduce Sentence</u>

Defendant's motion asks that ten months be taken off of his sentence because (1) he was addicted to drugs and gambling when he committed the crimes for which he was sentenced; (2) he has repented for his criminal activity; and (3) he has rehabilitated himself while in prison.

A validly imposed sentence such as defendant's can only be modified under limited circumstances, none of which are applicable to the present case. Defendant has not cited any legal authority giving this Court the power or authority to modify the sentence imposed in this case after the passage of more than two years.

A district court has no jurisdiction to alter a defendant's term of imprisonment except as authorized by 18 U.S.C. § 3582. United States v. Austin, 217 F.3d 595, 597 (8th Cir. 2000) (quoting 18 U.S.C. § 3582(c) ("'The court may not modify a term of imprisonment once it has been imposed except under specified circumstances.'")).

Subsection (b) of 18 U.S.C. § 3582 limits the Court's authority to modify a final judgment that includes a sentence of imprisonment to three specific circumstances. First, the Court can modify a judgment (1) upon a motion of the Director of the Bureau of Prisons ("BOP") for statutorily-specified reasons, (2) upon the motion of the government for substantial assistance, or (3) upon a motion of the defendant or the BOP, or upon the court's own motion, because of a subsequent lowering of the applicable sentencing range. 18 U.S.C. § 3582(b)(1), (c)(1)(A), (c)(1)(B), (c)(2); see also Fed. R. Crim. P. 35(b). Second, the Court can correct a judgment as permitted (1) upon a motion to correct clear error, or (2) upon appeal of the sentence as provided for by 18 U.S.C. § 3742. 18 U.S.C. §§ 3582(b)(2), 3742; see also Fed. R. Crim. P. 35(a). Third, the Court can modify a judgment that was appealed if the sentence was found to be outside of the United States Sentencing Guidelines range, as provided for in 18 U.S.C. § 3742. 18 U.S.C. §§ 3582(b)(3), 3742. Defendant's motion to modify or reduce sentence does not allege that any of these circumstances apply, and therefore the Court lacks jurisdiction to modify defendant's sentence under § 3582.

Nor can defendant's motion be considered under Rule 35(a) of the Federal Rules of Criminal Procedure. Rule 35(a) provides, "Within 7 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." Once the seven day period ends, a court lacks jurisdiction to correct even a legally erroneous sentence. See Austin, 217 F.3d at 597 (discussing former Rule 35(c)). More than seven days has passed since defendant was sentenced, and therefore the Court lacks jurisdiction to modify his sentence under Rule 35(a).

Rule 35(b) of the Federal Rules of Criminal Procedure provides that a court may reduce a sentence on motion of the government based on a defendant's substantial assistance in the investigation or prosecution of another person. Rule 35(b) does not apply here, as the government has not filed a motion and defendant does not allege that he offered substantial assistance.

The Court cannot modify or reduce defendant's sentence because it lacks the jurisdiction to do so, and therefore the motion should be denied.

B. Motion to Reduce Restitution Payment

Defendant also moves that his restitution payment be reduced from $70,344.14 to $14,783.74 on the grounds that (1) he should only be responsible for the amount of loss with respect to the specific counts to which he pleaded guilty; (2) the government did not prove the amount the banks were defrauded of that is attributable by him; and (3) he cannot pay the amount which he was ordered to pay within five years and his financial condition should have been taken into account when restitution was ordered.

The government responds that defendant's attempt to reduce the amount of his restitution payment should be rejected for four reasons: (1) defendant filed his motion to reduce his restitution payment after the time period for correcting sentences had elapsed, and his motion does not meet any

of the limited criteria under the law for modifying sentences set forth in 18 U.S.C. § 3582(c); (2) defendant agreed in his plea agreement that the amount of restitution for which he was to be liable included all amounts permitted under the Mandatory Victims Restitution Act ("MVRA"), 18 U.S.C. § 3663A, and he never objected to the amount of loss at sentencing; (3) defendant was convicted of offenses which included as elements a scheme and a conspiracy and, as a result, the victims of his offenses include all persons harmed by his criminal conduct during the course of his scheme and conspiracy; and (4) under the MVRA, a defendant's ability to pay is not to be considered in determining the amount of restitution a defendant shall be required to pay.

To the extent defendant asserts that the Court erred at the time of his sentencing with respect to the imposition of restitution, he should have challenged his sentence on direct appeal. By failing to file a direct appeal, defendant waived his opportunity to challenge the restitution component of his sentence as imposed. See Cani v. United States, 331 F.3d 1210, 1214 (11th Cir. 2003) ("although a restitution calculation may be contested for the first time on direct appeal, which will give rise to plain error review, we can find no case (and have been cited to none) in which a defendant has been permitted to advance such a challenge for the first time in a collateral proceeding"); United States v. Surber, 94 F. App'x 355, 356 (7th Cir. 2004) (unpublished opinion) (challenge to original restitution order could have been raised on direct appeal, but "district court was without jurisdiction to consider it four years later in a petition seeking a modification of the payment schedule").

Although defendant cannot challenge the validity of the original restitution order as imposed, he can ask the Court to modify the terms of that order. Contrary to the government's assertion, the Court has jurisdiction to modify a defendant's sentence with respect to restitution in appropriate

4

circumstances, pursuant to 18 U.S.C. § 3664(k). See United States v. Vanhorn, 296 F.3d 713, 721 (8th Cir. 2002). The statute provides:

> A restitution order shall provide that the defendant shall notify the court and the Attorney General of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution. The court may also accept notification of a material change in the defendant's economic circumstances from the United States or from the victim. The Attorney General shall certify to the court that the victim or victims owed restitution by the defendant have been notified of the change in circumstances. Upon receipt of the notification, the court may, on its own motion, or the motion of any party, including the victim, adjust the payment schedule, or require immediate payment in full, as the interests of justice require.

18 U.S.C. § 3664(k).

Under the statute, a material change in the financial condition of a defendant subject to a restitution order may be brought to the Court's attention by three sources: the defendant, the United States, or the victim. 18 U.S.C. § 3664(k). Before adjusting the schedule for payment of restitution, the Court must receive a certification from the Attorney General that those owed restitution have been informed of the defendant's changed circumstances. Id. Modification of the order may occur on motion of any party, a victim, or the court on its own motion. Id.; see United States v. Grant, 235 F.3d 95, 100 (2d Cir. 2000); see also United States v. Dye, 48 F. App'x 218, 219-20 (8th Cir. 2002) (unpublished per curiam). "After receipt of notification, the court may adjust the restitution payment schedule, or require immediate payment in full, as the interests of justice require." Dye, 48 F. App'x at 220 (citing 18 U.S.C. § 3664(k)).

"A material change in a defendant's economic circumstances is identified by an objective comparison of a defendant's financial condition before and after a sentence is imposed. A court's later understanding that it had sentenced a defendant without full knowledge of his assets alone does

5

not constitute a material change in economic circumstances." Dye, 48 F. App'x at 220 (citing Grant, 235 F.3d at 100).

Defendant's motion to reduce restitution does not disclose a material change in his economic circumstances. Although defendant asserts without any evidentiary support that he is indigent, he claimed indigence upon his arrest in this case, filed a CJA 23 Financial Affidavit, and was appointed counsel on the basis that he was financially unable to employ counsel. As a result, defendant has not shown that modification of the restitution order is appropriate under 18 U.S.C. § 3664(k), and the motion should be denied. Cf. United States v. Vanhorn, 399 F.3d 884, 886 (8th Cir. 2005). The Court does not address the government's remaining arguments in opposition to defendant's motion to reduce restitution, because they address the validity of the original order of restitution, which defendant cannot challenge.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Modify or Reduce an Imposed Sentence is **DENIED**. [Doc. 32]

**IT IS FURTHER ORDERED** that Defendant's Motion to Reduce Restitution Payment is **DENIED**. [Doc. 31]

                                                **CHARLES A. SHAW**
                                                **UNITED STATES DISTRICT JUDGE**

Dated this  14th  day of September, 2009.